IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL L. DUNKEL, )
 )
    Plaintiff, )
 )
    v. ) Civil No. 15-1632
 )
INTEGRATIVE STAFFING GROUP, )
and ALLEGHENY PLYWOOD )
COMPANY, INC. )
 )
    Defendants. )

## Opinion and Order

Plaintiff Paul Dunkel filed this action against Defendants Integrative Staffing Group and Allegheny Plywood Company, Inc. alleging that he was discriminatorily discharged from his employment in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); the Employee Retirement Income and Security Act, 29 U.S.C. § 1140; and Pennsylvania common law. On March 18, 2016, Plaintiff filed an Amended Complaint.

On May , 2016, we denied Integrative Staffing's Motion to Dismiss (ECF No. 29) Counts I, II, and III of Plaintiff's Amended Complaint. ECF No. 39. Thereafter Integrative Staffing filed its Answer to the Amended Complaint. ECF no. 42.

Allegheny Plywood filed its Amended Answer in which it also asserted a crossclaim against Integrative Staffing for Indemnification and Contribution. ECF 31. Presently before the Court is Integrative Staffing's Renewed Motion to Dismiss Allegheny Plywood's Crossclaim. ECF No. 36. For the reasons set forth below we will grant Integrative Staffing's motion and dismiss Allegheny Plywood's crossclaim.

I. **Relevant Background**

Integrative Staffing is an industrial and administrative staffing agency located in Coraopolis, Pennsylvania. Am. Compl. ¶¶ 6.c. & b. Integrative Staffing sponsored an ERISA group welfare plan (health) and provided workers' compensation insurance coverage to Mr. Dunkel. Am. Compl. ¶¶ 6.f. & g, & 8.a.. Mr. Dunkel's paychecks were issued by Integrative Staffing, withholding taxes were paid by Integrative Staffing, and Integrative Staffing considered Mr. Dunkel as its employee. Am. Compl. ¶ 8.

Allegheny Plywood is a wholesale distributor of cabinet grade hardwood plywood, industrial panel products, laminate, solid surface and quartz surfacing products to the cabinet and countertop industry located in Pittsburgh, Pennsylvania. Am. Compl. ¶¶ 7.a-c. Allegheny Plywood sponsored an ERISA group welfare plan (health). Am. Compl. ¶ 7.f. Allegheny Plywood exercised daily control of Mr. Dunkel's work, supervised him, set his schedule and otherwise employed Mr. Dunkel. Am. Compl. ¶¶ 9, 10.

Mr. Dunkel asserts that Integrative Staffing and Allegheny Plywood were joint employers of him under the Rehab Act, ERISA and Pennsylvania common law. Am. Compl. ¶ 11. Mr. Dunkel was hired by Integrative Staffing and Allegheny Plywood as a Delivery Driver on May 12, 2014. Am. Compl. ¶¶ 5.b, 12. The position for which he was ultimately hired was advertised on Craigslist as a CDL (Commercial Driver's License) driver position for a Pittsburgh-based company. Am. Compl. ¶ 13.

Mr. Dunkel called Allegheny Plywood to inquire about the job, and was told that the position was not through a temp/staffing agency. Am. Compl. ¶ 14. He sent his resume directly to Allegheny Plywood. Am. Compl. ¶ 15. Allegheny Plywood called him back to tell him he had the job and that he was to report to Integrative Staffing. Am. Compl. ¶ 15. He reported to

Integrative Staffing in Coraopolis and was informed that it was the Human Resources office for Allegheny Plywood. Am. Compl. ¶ 16. While at Integrative Staffing he completed paperwork, and was then sent to Allegheny Plywood's location in Pittsburgh. Am. Compl. ¶ 17. At Allegheny Plywood he completed additional paperwork, and was told to report for work the next day, May 12, 2014. Am. Compl. ¶ 18.

Mr. Dunkel only received work orders from Allegheny Plywood, not Integrative Staffing, he reported to an Allegheny Plywood supervisor, and did not report to anyone at Integrative Staffing. Am. Compl. ¶ 23. In order to perform his job he was given a delivery truck, driver's log, telephone, and fuel card, all supplied by Allegheny Plywood. Am. Compl. ¶ 22. Furthermore, the "only things associated with Integrative Staffing were: time sheets (completed and signed off by Allegheny Plywood); pay checks under Allegheny Plywood's control; and, workers' compensation insurance coverage provided by Integrative Staffing." Am. Compl. ¶ 24. Mr. Dunkel's Amended Complaint further alleges that he performed his duties satisfactorily and that he was eligible to participate in the ERISA health welfare plan sponsored by Allegheny Plywood. Am. Compl. ¶¶ 27, 28.

On July 29, 2014, while performing his duties Mr. Dunkel was struck in the head while unloading a counter-top he was delivering to a customer. Am. Compl. ¶¶ 29-30. He reported the incident and the injury to Defendants by text messages and telephone call the same date it occurred. Am. Compl. ¶¶ 31. Mr. Dunkel sustained a concussion and was taken to the hospital where he remained until August 1, 2014. Am. Compl. ¶¶ 29, 32-33. While in the hospital, Mr. Dunkel was terminated from his employment by Defendants by way of a voicemail left by an agent of integrative Staffing. Am. Compl. ¶¶ 34-35, 5c, 19.

While in the hospital Mr. Dunkel also provided relevant information to a representative from Integrative Staffing's workers' compensation insurance carrier who came to visit him in person at the hospital. Am. Compl. ¶¶ 36-38. The representative completed a claim form for Mr. Dunkel but did not provide him with a copy of the completed form. Am. Compl. ¶ 39.

After discharge from the hospital, Mr. Dunkel was advised by his own doctors that due to his injury he would not be medically cleared to drive a commercial vehicle. Am. Compl. ¶¶ 40-41. Mr. Dunkel approached Defendants regarding his new restrictions and asked to return to work with accommodations. Am. Compl. ¶ 42. Defendants refused to offer Mr. Dunkel a position and did not give him a reason, not did Defendants ever inform Mr. Dunkel of the initial reason for his termination. Am. Compl. ¶¶ 43, 44. Mr. Dunkel therefore claims that Defendants terminated him (i) because of his medical condition and Defendants' perception that this condition would substantially impair his ability to perform work; (ii) because Defendants were unwilling to accommodate Mr. Dunkel; and (iii) in retaliation for Mr. Dunkel having reported a work-related injury and filing for worker's compensation benefits. Am. Compl. ¶ 51.

In <u>Count I</u>, he asserts a failure to accommodate claim under the Rehabilitation Act. In <u>Count II</u>, he alleges a claim of discriminatory discharge based on his disability in violation of the Rehabilitation Act. In <u>Count III</u>, Mr. Dunkel alleges a claim of discrimination under ERISA based on his disability. Finally, in <u>Count IV</u> he alleges wrongful discharge under Pennsylvania Common law. Allegheny Plywood asserts a crossclaim against Integrative Staffing for Indemnification and Contribution.

## II. Standards of Review

In ruling on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted a Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) , quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002), and citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007).

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "This [standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

If a court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips,: "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment,

5

unless an amendment would be inequitable or futile." 515 F.3d 236, citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

**III.     Discussion**

Allegheny Plywood asserts a crossclaim against Integrative Staffing stating in relevant part as follows:

> 2. Allegheny Plywood hereby incorporates the allegations set forth in Plaintiff's Amended Complaint against Defendant Integrative Staffing Group without admission or adoption, as if the same were fully set forth herein at length, including but not limited to the allegation that Defendant Integrated Staffing Group terminated the Plaintiff through a telephone voicemail.
>
> 3. While it is specifically denied by Allegheny Plywood that the Plaintiff is entitled to any recovery, should it ultimately be determined that the Plaintiff is entitled to recover, then the Plaintiff is entitled to recover solely from Integrated Staffing Group as it is alleged that it was Defendant Integrated Staffing Group who terminated the Plaintiff through a telephone voicemail.
>
> 4. While it is specifically denied by Allegheny Plywood that the Plaintiff is entitled to any recovery, should it ultimately be determined that the Plaintiff is entitled to recover, then Allegheny Plywood is entitled to indemnification from Integrated Staffing Group, or alternatively, in the event that complete indemnification is denied, then Allegheny Plywood is entitled to contribution from Integrated Staffing Group.

Allegheny Plywood Crossclaim, ¶¶ 3-4.

Integrative Staffing seeks dismissal of Allegheny Plywood's crossclaim arguing that the crossclaim fails to meet the basic pleading requirements of the Federal Rules of Civil Procedure by failing to allege facts showing that it meets the legal requirements of a claim for indemnification or contribution; and also the crossclaim fails to state a legal claim for either indemnification or contribution. In response, Allegheny Plywood stands on the allegations in its crossclaim (as well as the allegations of its Defenses and Plaintiff's Amended Complaint

incorporated into its crossclaim) as providing sufficient to support is crossclaim and permit further discovery.

Allegheny Plywood amended its crossclaim once in response to Integrative Staffing's first motion to dismiss. The only substantive addition Allegheny Plywood added was the factual allegation that Plaintiff alleges that, "Integrated Staffing terminated the Plaintiff through a telephone voicemail." Now, in response to Integrative Staffing's well-reasoned legal arguments as to why the crossclaim fails to state claims of indemnification or contribution, Allegheny Plywood has chosen to offer no argument at all, and has failed to even acknowledge the legal arguments. We conclude that Allegheny Plywood's failure to address the substantive arguments of Integrative Staffing amounts to a concession that its crossclaim fails to state claims upon which relief can be granted. Moreover, we agree with Integrative Staffing's arguments that Allegheny Plywood has failed to demonstrate with supporting factual allegations that it is entitled to relief under either an indemnification or a contribution theory of recovery. Accordingly, we will grant Integrative Staffing's motion and dismiss Allegheny Plywood's crossclaim.

In addition, despite filing a crossclaim and amended crossclaim, Allegheny Plywood has been unable to assert factual allegations that would support a claim for relief. Accordingly, we find that to permit the filing of a second amended crossclaim would be futile.

## IV. Conclusion

For the reasons stated above, it is hereby ORDERED, ADJUDGED and DECREED that Defendant Integrative Staffing Group's Renewed Motion to Dismiss Crossclaim (ECF No. 36) is hereby GRANTED.

7

IT IS FURTHER ORDERED that Allegheny Plywood Company, Inc.'s crossclaim is hereby DISMISSED.

The Court further determines that permitting another amendment of Allegheny Plywood Company, Inc.'s crossclaim would be futile.

Date: June 21, 2016

Maurice B. Cohill, Jr.
Senior United States District Court Judge